**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 6, 2011

Lyle W. Cayce
Clerk

No. 11-50083
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON LEE JAMES, also known as Brandon Lee Orenstein,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-267-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brandon Lee James appeals from the 120-month sentence imposed by the district court following his conviction of one count of possession of an unregistered firearm; the sentence was 15 months above the top of the applicable guidelines range of 84-105 months of imprisonment.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50083

so doing, we engage in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). We must first ensure that the sentencing court committed no significant procedural error. *Gall*, 552 U.S. at 51. If there is no procedural error, we review the substantive reasonableness of the sentence under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Id.*; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Although James argues that the district court erred by taking into account his extensive juvenile criminal history during sentencing, the district court was free to do so. *See United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). The district court was in the best position to evaluate James's history and characteristics, as well as the need for the sentence imposed to deter him from further criminal conduct and to protect the public from his future crimes, and its decision is entitled to deference. *See* § 3553(a); *Gall*, 552 U.S. at 51-52*; Smith*, 440 F.3d at 708-10.

Further, the 15-month variance at issue is considerably less than other sentences that this court has affirmed. *See Smith*, 440 F.3d at 708 n.5, 709-10 (upholding as reasonable variance from guidelines range maximum of 27 months to 60 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months). That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

AFFIRMED.